The People of the State of New York ex rel. The Williamsburgh Savings Bank, Relator, *v.* The State Tax Commission, Respondent.   Third Department, May 4, 1927.

Mortgages — mortgage tax — original mortgage, on which tax was paid, contained stipulation for replacement by twelve mortgages aggregating amount of original mortgage, each covering portion of premises — mortgages, executed by subsequent owner on portion of premises, were exempt from mortgage tax under Tax Law, § 255.

A mortgage was executed on a parcel of real estate by a prior owner and the mortgage tax thereon paid.   The mortgage contained a provision that the

mortgagee, its successors or assigns, might, if it so elected, replace the mortgage by twelve permanent mortgages, each to cover a portion of the premises, and that said twelve mortgages should be given as security for a sum aggregating the amount of the principal secured by the original mortgage. The subsequent owner of the property, which was apparently the real party in interest, executed twelve mortgages in varying sums, aggregating the amount due on the original mortgage. The question here relates to one of the twelve mortgages. It appears that the register refused to discharge said mortgage on the ground that a mortgage tax had not been paid and that, as a result, the mortgage given to the plaintiff appeared on the record to be a second mortgage. The twelve mortgages given to replace the original mortgage were exempt from tax, under section 255 of the Tax Law, and the register acted improperly in refusing to discharge the one mortgage in question in this proceeding. The fact that said mortgage was given by a subsequent owner and that a new party was obligated thereunder, does not change the rule. The legislative purpose was incidentally to relieve a mortgagor from double taxation.

CERTIORARI issued out of the Supreme Court and attested on the 15th day of December, 1925, directed to the State Tax Commission, commanding it to certify and return to the office of the clerk of the county of Albany all and singular its proceedings had in denying the claim of the relator for exemption of a recording tax on a certain mortgage.

*Henry M. Bellinger* [*L. L. Osborn* and *J. Elmer Melick* of counsel], for the relator.

*Albert Ottinger, Attorney-General* [*Henry S. Manley, Deputy Attorney-General,* of counsel], for the respondent.

DAVIS, J. This case does not differ materially in principle from that of *People ex rel. N. Y. T. & M. Co.* v. *State Tax Comm.* (220 App. Div. 396), although there is a difference in the facts.

On May 19, 1911, the Masief-Building Construction Company, then the owner, executed and delivered to the New York Mortgage and Security Company a mortgage to secure the payment of $140,000 on premises situated in the borough of Brooklyn. This mortgage was recorded the following day in the Kings county register's office, and the full amount of the mortgage tax was paid. The mortgage contained this provision: " It is expressly understood and agreed that the party of the second part, its successors or assigns, if it so elects, may replace this mortgage by twelve (12) permanent mortgages, each to cover a portion of the hereinbefore described premises, and which twelve mortgages shall be given as security for a sum aggregating the amount of the principal sum secured hereby."

It will be observed that there was a positive statement that the mortgages " shall be given " if the mortgagee elected to replace. The respective amounts of the several mortgages were not definitely

stated, although they were to be for a sum aggregating the total amount of the mortgage.

On August 23, 1912, the L. & M. Realty Company, then the owner of the property in question, executed twelve separate mortgages, each covering a portion of the same property. The twelve, apparently in varying sums, aggregated $134,750, being the amount of the original mortgage less payment made on the principal. The question here relates to one of these mortgages given to secure the sum of $14,000. This mortgage was recorded August 26, 1912, and when presented to the recording officer it was accompanied by the affidavit of an officer of the mortgagee stating, in substance, that the mortgage was given pursuant to the provision of the original mortgage; that there had been erected on the premises described in the first mortgage twelve separate buildings, and that the original mortgage was being satisfied when these additional separate mortgages were given. On this state of facts the mortgage was accepted and recorded without the exaction of a further recording tax, the exemption being noted on the record; and so the matter stood for more than twelve years. On February 6, 1925, notice was given that claim for exemption had been denied and that a mortgage recording tax of $70 with a penalty of $78.40 were due and payable; and that no assignment, extension, release or satisfaction could be accepted for record until payment thereof was made.

In the meantime the $14,000 mortgage had been paid and a new mortgage for $12,000 given to the relator, who it is said in taking the new mortgage relied on the record standing for twelve years, that the preceding mortgage was not subject to tax. Because of non-payment of the tax on the $14,000 mortgage, the register refused to discharge it of record, and, therefore, the new mortgage appeared to be a second mortgage on the premises. Application was made to the State Tax Commission to determine the prior mortgage exempt from tax and permit its discharge, which was denied. This proceeding is to review that determination.

The record is somewhat inadequate in the statement of facts. It is probably a fair inference that the Masief-Building Construction Company, the first mortgagor, as its name implies, was holding title only to construct buildings and offer them for sale, and that the L. & M. Realty Company, which succeeded shortly thereafter to the title and gave the new mortgages, was the real party in interest. At least it assumed the duty of carrying out the provisions in the mortgage given by the prior owner. Very likely the giving of separate mortgages on separate buildings instead of the blanket mortgage on the whole property was as much for its own convenience and benefit as for that of the mortgagee. The fact

that a successor in title recognizes and carries out the obligation of its predecessor does not affect the principle, although it might not be legally liable thereon.

When originally applying for exemption of the recording tax, language was used in the affidavit to the effect that " New York Mortgage and Security Company has now agreed to loan on twelve mortgages covering the twelve buildings above mentioned in lieu or place of the first mentioned mortgage of $140,000 the aggregate sum of $134,750 of which sum the mortgage presented herewith for record is part." There was no recital in the $14,000 mortgage to the effect that it was given to supplement and replace in part the original mortgage without creating a new or further indebtedness. But it is stated in the petition, and not denied, that this $14,000 mortgage was one of twelve permanent mortgages referred to in the blanket mortgage of $140,000 and given in lieu of the primary mortgage, and that this mortgage did not create or secure any new or further indebtedness or obligation.

We have a new party obligated. Yet there has been no new loan and the security is the same. So far as the standard of measure of the tax is concerned, there is no new obligation. The law is not concerned with the source of the original indebtedness, whether the person incurring it is financially responsible or otherwise. Generally speaking, the tax is fixed by the amount stated in the instrument to be recorded, and not by the amount which may be collected from the obligor. The substitution of new bonds secured by a new mortgage containing different terms has been held to be a transaction entirely consistent with the terms of the original mortgage, not justifying the imposition of a new tax. (*Matter of New York State Gas & Electric Corp.* v. *Gilchrist,* 209 App. Div. 771; affd., on opinion below, 240 N. Y. 552.) These new mortgages seem to come within the spirit and fair interpretation of section 255 of the Tax Law (as amd. by Laws of 1916, chap. 323), where the legislative purpose is reasonably clear, that mortgages securing the same primary indebtedness shall not be subject to double tax. (*People ex rel. Banner Land Co.* v. *State Tax Comm.,* 244 N. Y. 159, 163, 165.)

In the case last cited a succeeding owner executed new mortgages to secure portions of the same debt secured in the prior mortgage given by its grantor. It does not appear that the prior mortgage was discharged, but the original mortgagor remained primarily liable. Although a new debtor was added it was held an additional tax should not be imposed. It was said that the materiality of where the primary and personal responsibility rested was not apparent. (p. 162.)

The only material difference between that case and this is that here the mortgagee has released the primary obligor by discharging the mortgage. But it has made no new loan and the fundamental indebtedness secured by the mortgage is the same. The original obligation has been assumed by a succeeding owner. It is a change in form but not in substance. (*People ex rel. Home Mortgage Inv. Co.* v. *Tax Comrs.*, 182 App. Div. 699, 701.)

A fair and reasonable interpretation of the legislative purpose will relieve the complaining party of the manifest injustice of double taxation. The State can be in no such need of revenue that it must collect it by methods subversive to the spirit of a remedial statute. (Tax Law, § 255.)

The determination should be annulled, with fifty dollars costs.

Van Kirk, Acting P. J., Hinman, McCann and Whitmyer, JJ., concur.

Determination   annulled,   with   fifty   dollars   costs   and disbursements.